UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————————————

HOWARD MARSTON,

                          Petitioner,            17-cr-298 (JGK)
                                                 19-cv-8711 (JGK)
            - against -
                                                 MEMORANDUM OPINION AND
UNITED STATES OF AMERICA,                         ORDER

                          Respondent.

—————————————————————————————————

JOHN G. KOELTL, District Judge:

     The pro se petitioner, Howard Marston, moves pursuant to 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence

imposed following his conviction, pursuant to a guilty plea, for

conspiring to distribute and possess with intent to distribute

mixtures and substances containing cocaine, in violation of 21

U.S.C. §§ 846 and 841(b)(1)(C). The petitioner seeks relief on

the grounds that he allegedly received ineffective assistance of

counsel in violation of the Sixth Amendment and that his guilty

plea was not made knowingly and voluntarily. For the following

reasons, the petition is **dismissed.**

                              I.

     On February 17, 2017, the petitioner was arrested by Drug

Enforcement Administration officers, during a controlled

purchase of two kilograms of cocaine. ECF No. 1, at 1.[1] A

—————————————————————

[1] All docket entry citations are citations to the docket in the criminal case,
No. 17-cr-298 (S.D.N.Y.). Unless otherwise noted, this Memorandum Opinion and
Order omits all alterations, citations, footnotes, and internal quotation
marks in quoted text.

1

confidential informant had requested to purchase two kilograms

of cocaine from the petitioner, the petitioner agreed to supply

the two kilograms, and the petitioner was arrested on his way to

the location of the proposed sale. Id. at 2-3.   The petitioner

was charged with participating in a conspiracy to distribute and

possess with intent to distribute 500 grams or more of cocaine,

in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), which carries

a mandatory minimum sentence of five years' imprisonment.

Christopher Flood of the Federal Defenders of New York was

appointed as the petitioner's counsel. Affidavit of Christopher

Flood, ECF No. 39, Ex. E ("Flood Affidavit"), ¶ 2.

On April 10, 2017, the government sent a proposed plea

agreement to the petitioner's counsel (the "April 2017 Plea

Offer"). Under the terms of the April 2017 Plea Offer, the

petitioner would have agreed to enter a guilty plea to

participating in a conspiracy to distribute and possess with

intent to distribute cocaine, in violation of 21 U.S.C. §§ 846

and 841(b)(1)(C).   The April 2017 Plea Offer also contained a

stipulation that the petitioner's Sentencing Guidelines range

would be 57 to 71 months' imprisonment. April 2017 Plea Offer,

ECF No. 39, Ex. A. In his affidavit, Mr. Flood stated that he

reviewed the April 2017 Plea Offer with the petitioner after

receiving it from the government. Flood Affidavit ¶ 3. The

petitioner did not accept the April 2017 Plea Offer, and Mr.

2

Flood sought more time to investigate mitigating factors that could potentially convince the government to offer more favorable terms. Id. ¶ 4.

On May 16, 2017, the petitioner consented to the filing of a criminal information charging him with participation in a conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Id. ¶ 4.

On June 12, 2017, Mr. Flood sent the government a letter, with supporting statements, requesting that the government allow Mr. Marston to plead guilty to misprision of a felony, in violation of 18 U.S.C. § 4. See Submissions from Howard Marston, June 12, 2017, ECF No. 39, Ex. B; Flood Affidavit ¶ 4. The government did not accept this offer.

On September 13, 2017, the government made a further plea offer, that the defendant ultimately accepted ("September 2017 Plea Agreement"). The September 2017 Plea Agreement provided that the government would accept a guilty plea from the defendant to the lesser-included offense of participating in a conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). September 2017 Plea Agreement, ECF No. 39, Ex. C. The September 2017 Plea Agreement contained a stipulation regarding the application of the Guidelines in the petitioner's case, that calculated the total offense level to be

two levels lower than the April 2017 Plea Offer.[2] Id. Based on

the proposed stipulations in the September 2017 Plea Agreement,

the stipulated Guidelines range was between 46 to 57 months'

imprisonment. Id. Mr. Flood declared that after receiving the

September 2017 Plea Agreement, he reviewed it with the

petitioner, and "advised Mr. Marston to accept" the offer,

"[b]ased on the strength of the evidence against [him] and the

favorable nature of the plea offer[.]" Flood Affidavit ¶ 5.  The

petitioner signed the plea agreement on October 5, 2017.

On October 5, 2017, the petitioner appeared before the

Court to enter his guilty plea.  After the petitioner was placed

under oath, this Court asked the petitioner a series of

questions to establish that the petitioner was competent and was

pleading knowingly and voluntarily. Change of Plea Hearing

Transcript, ECF No. 20 ("Plea Tr."), at 4-6.  The petitioner

confirmed that he had an opportunity to discuss the case and the

consequences of entering a guilty plea with his counsel, that he

was satisfied with Mr. Flood's representation, and that he

understood his rights. Id. at 5-9.

The petitioner confirmed that he had received and read the

Information and that he had discussed the charges in the

Information with his counsel.  The Court reviewed the charge and

---

2  As compared with the April 2017 Plea Offer, the September 2017 Plea
Agreement contained a lower base offense level of 26 (instead of 30), but it
did not include a two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(17).

the elements of the offense that the government would be required to prove beyond reasonable doubt at trial. The petitioner indicated that he understood. Id. at 10-12. The Court confirmed that the petitioner had read the September 2017 Plea Agreement and had discussed it with his lawyer prior to signing it. Id. at 17.  Given that the petitioner is not a citizen of the United States, the Court confirmed that the petitioner understood the potential immigration consequences of his plea and had discussed them with his lawyer. Id. at 14.

This Court ensured there was a factual basis to support each of the elements of the charge. The petitioner stated that between around December 2016 and February 2017, the defendant "agreed with some other people to sell cocaine." Plea Tr. at 19-20.  The petitioner stated that "as far as [he] kn[ew], at least one of [his co-conspirators] wasn't working for the government." Id. at 21. The petitioner stated that he knew these acts were illegal at the time. Id. at 20, 22. The government noted that it was prepared to introduce witness testimony, recorded phone conversations, and text messages at trial, demonstrating that Mr. Marston attempted to sell cocaine to a confidential informant and that he coordinated with other members of the conspiracy. Id. at 21-22.

On May 4, 2018, this Court sentenced Mr. Marston principally to a 14-month term of imprisonment, to be followed

by three years of supervised release. ECF No. 26.  Mr. Marston did not file a notice of appeal. He began serving his sentence on October 22, 2018, completed his term of imprisonment on October 22, 2019, and is currently in the custody of immigration authorities.

## II.

The petitioner argues that he is entitled to relief because he was deprived of effective assistance of counsel, as guaranteed by the Sixth Amendment. The petitioner argues his counsel was ineffective for (1) allegedly failing to notify him of a plea offer from the government in a timely manner and for (2) advising him to plead guilty. Both claims are without merit.

## A.

Criminal defendants are entitled to effective assistance of counsel, including during the plea-bargaining process. Padilla v. Kentucky, 559 U.S. 356, 364 (2010). Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea "to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of the defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). To establish that he has been denied effective assistance of counsel, a petitioner must show both that (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards

6

prevailing at the time, and that (2) counsel's deficient

performance was prejudicial to the petitioner's case. See

Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Gersten

v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005).

Under the first prong of the Strickland test, a defendant

must show that "counsel made errors so serious that counsel was

not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment." Strickland, 466 U.S. at 687. There is a

"strong presumption" that defense counsel's conduct falls within

the broad spectrum of reasonable professional assistance, and a

petitioner "bears the burden of proving that counsel's

representation was unreasonable under prevailing professional

norms." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); see

also Strickland, 466 U.S. at 689 ("Judicial scrutiny of

counsel's performance must be highly deferential.").

In order for a defendant to prove prejudice under the

second prong of the Strickland test, "[i]t is not enough for the

defendant to show that the errors had some conceivable effect on

the outcome of the proceeding . . . . The defendant must show

that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have

been different." Strickland, 466 U.S. at 693-94. "To satisfy the

second prong of Strickland in the context of plea negotiations,

the defendant must show that there is a reasonable probability

that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." Arteca, 411 F.3d at 320; United States v. Kimber, 777 F.3d 553, 562 n.1 (2d Cir. 2015).

Specifically, advising a client to plead guilty in the face of strong evidence, when a plea agreement lessens the severity of the sentence, is not evidence of prejudice sufficient to satisfy the second prong of Strickland. See, e.g., Padilla v. Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004) ("In effect, no prejudice exists when a plea agreement lessens the severity of the sentence defendant would face if convicted at trial."); DeLeon v. United States, 2003 WL 21769836, at *6 (S.D.N.Y. July 30, 2003) ("[The petitioner] cannot show prejudice because there was strong, irrefutable evidence against him, and he received a considerable benefit under the terms of his plea agreement"); Moran v. United States, 1998 WL 54616, at *5 (S.D.N.Y. 1998) (no prejudice because the "plea agreement that [defense counsel] negotiated for [the petitioner] was very favorable in light of the government's overwhelming evidence and the penalties that [the petitioner] faced if convicted at trial].").

A claim that a criminal defendant was denied effective assistance of counsel may be brought in a collateral proceeding under Section 2255, regardless of whether the petitioner could have raised the claim on direct appeal. Massaro v. United

States, 538 U.S. 500, 504 (2003). The Court of Appeals for the Second Circuit has instructed that a court should grant a hearing and make findings of fact when reviewing section 2255 petitions, unless "'the motion . . . and records of the case conclusively show that the prisoner is entitled to no relief.'" Chang v. United States, 250 F.3d 79, 84 (2d Cir. 2001) (quoting 28 U.S.C. § 2255). When determining whether the record of the case can conclusively demonstrate a petition is without merit, "a detailed affidavit from trial counsel credibly describing the circumstances" can be sufficient to support dismissal of the petition. Id. at 85.[3]

## B.

In his petition, the petitioner alleges his counsel was ineffective in two ways. First, the petitioner asserts that his counsel failed to advise him in a timely manner of a plea offer from the government. Second, the petitioner asserts that his counsel rendered ineffective assistance by advising him to plead guilty. Each allegation fails on both prongs of the Strickland test.

---

[3] "Where an evidentiary hearing is not warranted, appointment of counsel in a habeas corpus proceeding is discretionary." Azzara v. United States, Nos. 10-cv-8104 & 02-cr-1446, 2011 WL 5025010, at *2 (S.D.N.Y. Oct. 20, 2011). Because the petitioner's claims lack merit, the claims at issue in this case are not particularly complex, and the petitioner is capable of pressing his claims in this court pro se, the Court declines to appoint counsel to represent the petitioner in these proceedings. See id.; Hodge v. Police Officers, 802 F.2d 58, 60-62 (2d Cir. 1986) (outlining factors that guide the district court when considering whether to appoint counsel in a civil case).

1.

It is true that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145 (2012). However, the petitioner has neither alleged beyond conclusory allegations, nor offered any evidence to demonstrate, that a formal plea offer was communicated to his counsel, of which he was not timely informed.

The petitioner's counsel has provided an affidavit to the Court, stating that he received the April 2017 Plea Offer and September 2017 Plea Agreement and reviewed them with the petitioner. Further, Mr. Flood demonstrated he was actively engaged in seeking a more favorable plea offer, by investigating mitigating factors for a submission to the government. The petitioner has offered no evidence that his counsel failed to communicate a plea offer to him. Mr. Flood's affidavit, combined with the evidence in the record, is sufficient to support dismissal of the petition without an evidentiary hearing on the question of communication of plea agreement offers. See Boakye v. United States, No. 09-cv-8217, 2010 WL 1645055, at *7 (S.D.N.Y. Apr. 22, 2010) (finding that because "[t]he only disputed issues of fact identified by Petitioner's conclusory memorandum are contradicted by the record and [his counsel's]

Declaration . . . Petitioner has identified no real disputed issues of fact supported by competent evidence, which, if proved at a hearing, would entitle Petitioner to relief.").

The petitioner's claim also fails to meet the second prong of the Strickland test, namely that he was prejudiced by the allegedly ineffective assistance of counsel.

Not only has the petitioner failed to demonstrate the existence of an additional plea agreement that was not communicated to him, but he has also failed to show any prejudicial effect.  Even in cases where counsel has actually failed to communicate critical information about a genuine plea offer to a petitioner, courts in this Circuit have found the second prong of Strickland requires demonstrating that this failure would have had a reasonable likelihood of changing the outcome, such as having missed out on a more favorable offer. See, e.g., United States v. Bent, 654 F. App'x 11, 13 (2d Cir. 2016) (affirming denial of petition without evidentiary hearing, because the petitioner failed to demonstrate prejudice resulting from his counsel not showing him a draft plea agreement, "as he could not show that . . . there was a reasonable probability that he would have accepted the plea offer"); Puglisi v. United States, 586 F.3d 209, 217 (2d Cir. 2009) (affirming denial of petition without an evidentiary hearing on the grounds that the petitioner "failed to proffer any objective evidence that he

11

would have accepted the plea offer had he received adequate pre-trial counseling"). The petitioner has offered no proof to support such a demonstration of prejudice here. Thus, the petitioner's claims based on the communication of plea offers fail at both prongs of Strickland.

2.

The petitioner's allegation that his counsel provided ineffective assistance for advising that he plead guilty also fails to satisfy both prongs of Strickland.

First, the petitioner has failed to show that Mr. Flood's advice to accept the September 2017 Plea Agreement was unreasonable or otherwise fell below acceptable professional standards. The petitioner faced a charge that carried a five-year mandatory minimum sentence. After the petitioner rejected the government's first plea offer, Mr. Flood sought to obtain a more favorable offer by submitting a counterproposal to the government, supported by supplementary evidence, that emphasized important mitigating factors. The government rejected this proposal. Had the petitioner proceeded to trial, the government could have presented extensive evidence of his guilt, including recorded phone calls, indicating he possessed cocaine and would receive additional cocaine from other members of the conspiracy, text messages relating to the controlled sale of cocaine, and evidence from his arrest on February 17, 2017, including his

12

being arrested in possession of two kilograms of cocaine. In addition to facing such evidence, the petitioner also would have lost the substantial sentence reduction resulting from his plea. By accepting the government's second plea offer (the September 2017 Plea Agreement), the petitioner was permitted to plead to a lesser-included offense, with no mandatory minimum, and the government stipulated to a lower Sentencing Guideline Range. His counsel then successfully argued for a lower sentence, resulting in a 14-month sentence. Under the circumstances, his counsel cannot be said to have rendered objectively unreasonable assistance by advising that the defendant accept the September 2017 Plea Agreement. See Cusano v. United States, No. 05-CV-7177, 2007 WL 4142771, at *3 (S.D.N.Y. Nov. 16, 2007) ("[W]here a defendant obtains a meaningful strategic benefit by pleading guilty, most courts consider it unlikely that an involuntary or ill-advised plea ensued."). To the contrary, in light of the government's extensive evidence and the substantial benefit secured through pleading guilty, Mr. Flood provided the petitioner with sound advice and effective assistance by advising the petitioner to accept the September 2017 Plea Agreement.

Therefore, the petitioner has failed to meet the first prong of the Strickland test for both of his claims regarding ineffective assistance of counsel.

13

Second, the petitioner also has failed to demonstrate prejudice from Mr. Flood's advice to accept the plea.  The petitioner has not alleged that, if he had received effective counsel, there is a "reasonable probability" that he would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Arteca, 411 F.3d at 320. Moreover, had the petitioner proceeded to trial, he would have faced extensive evidence of his guilt, and the threat of a much longer sentence. Given the weight of evidence and the substantial benefit resulting from his guilty plea, the petitioner has failed to demonstrate that he was prejudiced by his counsel's advice to plead guilty.

The petitioner has therefore failed to establish that he is entitled to relief based on allegedly ineffective assistance of counsel.

## III.

The petitioner's second claim for relief alleges that his plea was not knowing and voluntary because he did not understand the elements of the charge against him.  This claim is without merit.[4]

---

[4] The government argues in its brief that, because the petitioner never challenged the voluntariness of his plea on direct appeal and has not articulated a cause for failing to do so, he is procedurally barred from now raising such a claim in a petition pursuant to 28 U.S.C. § 2255. See, e.g., Massaro, 538 U.S. at 504 (noting "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"); Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005) ("Because a motion under § 2255 is not a substitute for direct appeal, [the petitioner] has procedurally forfeited his claim involving the [claimed] defect unless he can show (1) cause for failing to raise the issue,

14

The petitioner asserts that while the plea hearing transcripts "appear to set forth a [constitutionally] sufficient allocution," the Court did not ensure that the petitioner "fully understood one of the essential elements of Conspiracy to possess with intent to distribute Cocaine." Pet.'s Mem. at 6-7. But, the petitioner does not state which element he allegedly did not fully understand.[5]  Further, the transcript of the plea hearing makes clear that this Court conducted a thorough plea allocution, including confirming that the petitioner had discussed the charge with his counsel, understood the nature of the charge, and the essential elements that the government be required to prove if the petitioner proceeded to trial. The petitioner similarly admitted that he "agreed with some other people to sell cocaine," that "at least one of [his co-conspirators] wasn't working for the government," and that he knew such activity was illegal. Plea Tr. at 19-21.

---

and prejudice resulting therefrom; or (2) actual innocence."). However, because the petitioner's claim fails on the merits, the Court need not reach the issue of whether the claim is procedurally barred.

[5] The petitioner seeks to rely on a series of cases in which defendants convicted of aggravated identity theft, in violation of 18 U.S.C. § 1028A had their sentences vacated, after the Supreme Court's decision in Flores-Figueroa v. United States. 556 U.S. 646 (2009) (holding that 18 U.S.C. § 1028A requires the government to show that the defendant knew that the means of identification at issue specifically belonged to another person). These cases have no relevance for the petitioner's sentence.  The petitioner did not plead guilty to aggravated identity theft, nor has the petitioner identified any intervening case law that has clarified or changed the mens rea at issue in this case. Further, at the plea hearing, the petitioner stated that he understood the charge, that he actually performed acts sufficient to serve as a basis for each of the elements of the offense to which he pleaded guilty, and that he knew that what he did was illegal at the time.

15

The Second Circuit Court of Appeals has instructed that when a defendant indicates that a plea is knowing and voluntary, a district court is entitled to rely on such statements, and that a petitioner's unsupported "statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." United States v. Torres, 129 F.3d 710, 715-17 (2d Cir. 1997). See also United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001) (Plea hearing "testimony carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.") (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Because the petitioner has failed to allege facts warranting an evidentiary hearing regarding the voluntariness of his plea, no hearing is required. United States v. Doe, 537 F.3d 204, 213 (2d Cir. 2008) ("[T]he defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing.").

Therefore, the petitioner's claim that his guilty plea was not knowing is similarly without merit.

16

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **denied.** The Clerk is directed to close No. 33 in the criminal docket (No. 17-cr-298), to close all pending motions on the civil docket (No. 19-cv-8711), and to close the civil docket.

The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c).

Chambers will mail a copy of this opinion to the pro se petitioner.


SO ORDERED.

Dated:      New York, New York
            November 13, 2020

                                        _____
                                              John G. Koeltl
                                        United States District Judge


17